IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JESSE MICHAEL LEDESMA,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No.  4:22-cv-1078-O |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Jesse Michael Ledesma ("Ledesma"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of TDCJ-CID, Respondent. After considering the pleadings and relief sought by Ledesma, the Court concludes that the petition must be **DISMISSED** without prejudice on exhaustion grounds.

## I.   BACKGROUND

Ledesma is in custody pursuant to the judgment of conviction and sentence of the 271st Judicial District Court in Wise County, Texas, in cause number CR22362. Resp. Answer Exhibit A, ECF No. 15-1. Ledesma was charged by indictment for murder in cause number CR22362, and felony driving while intoxicated, third or more, in cause number CR22361. *Id.*; SHCR-01 at 6-7, ECF No. 16-14; [1] Mem. 5–6, ECF No. 2.  Ledesma pleaded guilty to murder and was

---

[1] "SHCR-01" refers to the clerk's record of the state habeas proceedings in *Ex parte Ledesma*, No. 94,236-01, and followed by the relevant page numbers.

sentenced by the trial court to thirty-five years of imprisonment. Resp. Answer Exhibit A, ECF No. 15-1.  In exchange, the State dismissed the felony DWI charge. SHCR-01 at 48–49, ECF No. 16-1.

Ledesma filed a state habeas application challenging cause number CR22361.[2] SHCR-01 at 50, ECF No. 16-1. The Texas Court of Criminal Appeals (TCCA) dismissed the application without written order. *Id.* at "Action Taken", ECF No. 16-2.  Ledesma then filed the instant § 2254 petition.[3] Pet. 1, ECF No. 1; Mem. 1, ECF No. 2.

## II.     ISSUES

The Court understands Ledesma to allege that he is entitled to relief because the trial court abused its discretion and trial counsel was ineffective.  Pet. 8–9, ECF No. 1; Mem. 3–17, ECF No. 2; Am. Pet. 5–6, 17–28, ECF No. 8.

## III.    RULE 5 STATEMENT

Respondent asserts that the petition should be dismissed without prejudice based on Petitioner's failure to exhaust state-court remedies. Resp. Answer 3-7, ECF No. 15.

## IV.    EXHAUSTION

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v.*

---

[2] It appears that Ledesma attempted to challenge his conviction for murder in his state application but used the wrong cause number 22361. SHCR at 50-51, ECF No. 16-1. The trial court included only the documents related to the dismissed felony DWI charge in the state habeas proceedings. *See generally* SHCR. Ledesma has not separately filed a state habeas application challenging his murder conviction in cause number CR22362. Resp. Answer Exhibit B, ECF No. 15-2.

[3] Ledesma asserts that he is challenging his conviction for murder, yet he uses the cause number for the dismissed felony DWI charge–CR22361. Pet. 2, ECF No. 1. The Court understands Ledesma's claims to be challenging his guilty plea and resulting conviction for murder in cause number CR22362.

*Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To satisfy the exhaustion requirement, a claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the TCCA is the highest court in the state of Texas. *Richardson*, 762 F.2d at 431. To proceed before that court, a petitioner must either file a petition for discretionary review following his direct appeal, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. art. 11.07.

All the grounds raised in a federal application for writ of habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, for a claim to be exhausted, the state court must have been presented with the same facts and legal theory upon which the petitioner bases his assertions. *Id*. at 275–76. "[I]t is not enough . . . that a somewhat similar state law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson*, 459 U.S. at 6). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* at 259 (citing *Vela v. Estelle,* 708 F.2d 954, 958 n.5 (5th Cir. 1983)). "Exhaustion 'requires a state prisoner to present the state courts with the *same claim* he urges upon the federal courts.'" *Id.* at 261 (citing *Pichard*, 404 U.S. at 276).

Finally, to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. When a petitioner raises a claim in a procedural context in which its merits will not be considered, he has not "fairly presented" the claim to the state courts,

---

Pet. 8–9, ECF No. 1; Mem. 5-18, ECF No. 2; Am. Pet. 5-6, 17-28, ECF No. 8.

and, therefore, has not satisfied the statutory exhaustion doctrine. *Id.*; *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir. 1989). In other words, a habeas applicant must give the state courts a fair opportunity to review his claims in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id.*

Ledesma's petition is wholly unexhausted because he did not file a direct appeal and petition for discretionary review or a state habeas application challenging his conviction for murder in cause number CR22362. Resp. Answer Exhibit B, ECF No 15-2; SHCR-01 1-91, ECF No. 16-1. And while Ledesma raised his claims in his state habeas application challenging cause number CR22361, that application was dismissed without written order. SHCR-01 47-65, 73-88, ECF No. 16-1; SHCR-01 at "Action Taken," ECF No. 16-2. S*ee also Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than its merits). Ledesma's failure to present his claims related to the murder conviction to the state court does not result from either an "absence of State corrective procedures" or state procedures that are "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Rather, because he has not yet pursued a state habeas application in the murder conviction cause number CR22362, and because he did not present the instant claims in a procedurally correct manner in which they were reviewed by the TCCA on their merits, a legal remedy still exists in state court.

By filing this federal writ of habeas corpus, Ledesma has bypassed the state courts and attempted to present original arguments to the federal courts before the state court has had the opportunity to review them. Ultimately, he has prevented the state courts from ruling on, and, if necessary, correcting any constitutional errors that might have occurred in this case. *See Castille*,

489 U.S. at 349; *Picard*, 404 U.S. at 275. Consequently, because Ledesma still has a legal remedy available to him in state court, he must be required to exhaust his claims prior to bringing them for federal review.

Accordingly, dismissal of the petition for lack of exhaustion is warranted so that Petitioner Ledesma can fully exhaust his state-court remedies as to his claims and then return to this Court, if he so desires, after exhaustion has been properly and fully accomplished.

## V.   CONCLUSION

For the reasons discussed, Petitioner's Jesse Michael Ledesma's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of exhaustion of state-court remedies. Further, a certificate of appealability is **DENIED** as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this **14th day** of **August, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**